UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

AGUSTIN GOMEZ,

                              Plaintiff,                21 Civ. 861 (PAE) (JLC)

          -v-

                                                                     ORDER

2343 JEROME FOOD CORP. et al.,

                              Defendants.

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

        On December 17, 2021, the parties submitted a proposed settlement agreement and a letter in support, signed only by plaintiff, Dkt. 19, and on December 22, 2021, the parties submitted a proposed settlement agreement signed by both parties along with contemporaneous time records, Dkt. 21 (the "Agreement"), in this Fair Labor Standards Act ("FLSA") and New York Labor Law action.

        Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  Rather, the parties must satisfy the Court that their agreement is "fair and reasonable."  *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015).  Further, "[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined."  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).

        The Court has carefully reviewed the Agreement.  Under the Agreement, defendants are to pay $6,120 within 10 days of the Court's approval of the settlement agreement.  Agreement ¶ 2.  Plaintiff Agustin Gomez is to receive $3,634 and plaintiff's counsel is to receive $2,486,

representing $1,817 plus costs of $669.  *Id.* ¶ 2(a), (b).  The Agreement therefore allocates one-third of the settlement amount to plaintiff's counsel as attorneys' fees net of costs, which is common.  *See Santos v. Yellowstone Properties, Inc.*, No. 15 Civ. 3986 (PAE), 2016 WL 2757427, at *5 (S.D.N.Y. May 10, 2016) (one-third is "a proportion that is routinely approved by courts") (collecting cases); *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) (when awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs") (emphasis in original).

Nothing else in the Agreement gives the Court pause.  The Agreement does not contain a confidentiality provision that would undermine the broad remedial purposes of the FLSA, and Gomez is not precluded from discussing the settlement of his claims.  *See Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016).  And while the Agreement does provide that Gomez "knowingly and voluntarily releases and forever discharges Defendants of and from any and all wage and hour claims and claims asserted in this action," Agreement ¶ 4, this does not "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," *Rivera v. SA Midtown LLC*, No. 16 Civ. 2097 (PAE), 2017 WL 1378264, at *1 (S.D.N.Y. Apr. 11, 2017) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  Thus, the release provision does not counsel against the approval of the Agreement.  *See Cortes*, 2016 WL 3455383, at *4 (parties "narrowed the scope of the Agreement's release provision to limit the release of claims . . . asserted in this action" so that Agreement could be approved); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) ("[A]ny release provision must be limited to the claims at issue in this action.").  In sum, upon its review of the Agreement, the Court is

satisfied that the Agreement was achieved through procedurally fair means and is fair and reasonable such that it satisfies the standard set forth in *Cheeks v. Freeport Pancake House.*

## CONCLUSION

For the reasons stated herein, the proposed settlement agreement is approved. The Court retains jurisdiction to resolve any disputes arising out of the Agreement and of this action. *See* Agreement ¶ 8.

The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

                                                      *[signature]*
                                                      PAUL A. ENGELMAYER
                                                     United States District Judge

Dated: December 28, 2021
       New York, New York